Eastern District of Kentucky
FILED

JUN 23 2010

At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 09-122-HRW

PAMELA PATRICK,
o/b/o ANTHONY JOHNSON,                                PLAINTIFF,

v.          **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on November 20, 2003, alleging disability beginning on May 20, 2003, due to "back pain, chest pain, migraines, high blood

pressure, stomach problems, pinched nerves in legs, anxiety, depression." (Tr. 95-96). This application was denied initially and on reconsideration (Tr. 50-51, 55-62). On February 9, 2006, an administrative hearing was conducted by Administrative Law Judge Andrew Chwalibog (hereinafter "ALJ"). Plaintiff did not appear. At the hearing, Melissa Glannon, a vocational expert also testified.

Plaintiff died on February 13, 2006.

On March 20, 2006, Plaintiff's wife, Pamela Trick, requested that she be substituted as the proper party in this case and further requested the opportunity to proceed with this claim.

On April 26, 2006, Plaintiff's claim was dismissed for his failure to appear at the hearing. By Order entered on November 29, 2006, the Appeals Council determined that dismissal was improper and remanded the case for further proceedings (Tr. 40).

A supplemental hearing was convened on May 7, 2007, where Pamela Patrick appeared and testified. At the hearing, Dwight McMillion, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On August 27, 2007, the ALJ issued his decision finding that Plaintiff was not disabled. The period under adjudication is September 14, 2003 to February 13, 2006.

Plaintiff was 27 years old when his insured status expired on March 21, 2004 and 29 when he died on February 13, 2006 (Tr. 83, 90). He had a high school education and past work experience as a crane operator and general laborer (Tr. 96, 99).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 14).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease, depression, anxiety-related disorder, substance addiction disorder and personality disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 15).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 15-17).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 20) but determined that he had the residual functional capacity ("RFC") to perform a range of light work, with certain restrictions as set forth in the hearing decision (Tr. 17).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 20-21).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 23, 2009 (Tr.

5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

## III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273

(6th Cir.1997).

On appeal, Plaintiff contends that the ALJ improperly acted as a medical expert with regard to Exhibit B-14F (Tr.242-433).

This document is a record of a January 2005 emergency room visit at Kings Daughters Medical Center in Ashland, Kentucky. Plaintiff presented complaining of suicidal and homicidal ideation (Tr. 424). Plaintiff stated that although he been taking his medications, they were not helping (Tr. 424). Plaintff was admitted to the psychiatric ward for acute suicidal ideation. The record indicates that Plaintiff was advised to attend group therapy and begin new medications (Tr. 428). Plaintiff has not submitted records pertaining to the outcome of this hospitalization.

In the hearing decision, the ALJ discussed this report, along with the other medical evidence of record.

Plaintiff's argument that the ALJ improperly acted as a medical expert in evaluating these records is based upon the false assumption that the ALJ's decision must be based upon a physician's opinion. The RFC is not a medical assessment, and, as such, need not be based upon the opinion of a medical professional. See 20 C.F.R. §§ 404.1513, 404.1520 and 404.1526(d).

Further, based upon the record, the ALJ clearly evaluated all the evidence, including the medical opinions.

It appears that Plaintiff's argument is one of disagreement with the ALJ's findings pertaining to Plaintiff's mental capacity. However, the overwhelming evidence of record in this regard establishes that Plaintiff retained the residual mental capacity to perform work, albeit with restrictions. In other words, the record does not establish that Plaintiff was disabled due to his mental impairments.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This ____ day of June, 2010.

_____
Henry R. Wilhoit, Jr., Senior Judge